[No. 3124-1.     Division·One.     January 19, 1976.]

JAMES S. O'BRIEN, *Appellant,* v. KING COUNTY CIVIL
SERVICE COMMISSION, *Respondent.*

*Lanning, Mahoney & Bryan* and *Phil Mahoney,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Douglas N. Jewett, Deputy,* for respondent.

JAMES, J.—Plaintiff, James S. O'Brien, brought this action on his own behalf and on behalf of the class made up of other employees of the King County Department of Public Safety (formerly the Office of King County Sheriff) who have applied to take examinations scheduled by defendant King County Civil Service Commission for placement on the "eligible lists" for the positions of sergeant, lieutenant, and captain. O'Brien sought a declaratory judgment contending that either (1) the defendant Commission had the duty to require that all applicants have prior experience in the department in the grade next lower to the position sought or, in the alternative, (2) the defendant Commission has the discretionary power to require such prior experience. The trial judge rejected both of O'Brien's contentions and held that the Commission could not require

that applicants for promotional examinations have prior experience in the department.

At trial, it was established that during the fall and winter of 1973-74, the Commission sought the advice of an informal task force to accomplish the first major rewrite in 15 years of the rules and regulations governing the Commission's procedures. The task force was composed of representatives from the sheriffs' union, the Department of Public Safety, and the King County Personnel Division. The chief examiner of the Civil Service Commission and a deputy prosecuting attorney also were included.

One of the major issues dealt with by the task force was whether RCW 41.14, which establishes a merit system of employment for "county deputy sheriffs and other employees of the office of county sheriff" (RCW 41.14.010), requires that personnel examinations be open to all who are otherwise qualified or whether the Commission's job specifications must require prior employment within the department as a qualification for "promotional" examinations. The Commission subsequently adopted rules which do not automatically exclude all persons outside the Department of Public Safety. In reaching this determination, the Commission relied upon the task force findings and upon an oral opinion from the prosecuting attorney's office that examinations to fill "eligible lists for the various classes of positions" (RCW 41.14.060(6)) must be based solely on merit, efficiency, and fitness, and that such examinations cannot be closed to qualified persons outside the department unless such action could be justified on the basis of merit, efficiency, and fitness.

After the adoption of the rules and regulations, the Commission adopted job specifications which establish minimum amounts and types of experience for applicants for the positions of sergeant, lieutenant, and captain. Time served in the Department of Public Safety was not made a required qualification. Examinations were then scheduled by the Commission for appointment to the eligibility lists for the three commissioned officer ranks. Upon filing this

action, O'Brien, without opposition from the Commission, obtained an order temporarily restraining the Commission from proceeding with the scheduled examinations.

The trial judge concluded that "[t]he Commission does not as a matter of law have the power to require that applicants for promotional positions be present members of the Department of Public Safety." The Commission's motion to dismiss the action with prejudice was granted.

We affirm the order dismissing the action but do not agree with the trial judge's conclusion that the Commission is required by law to make all "promotional" examinations open to all applicants who are otherwise eligible regardless of whether they have had prior service within the Department of Public Safety.

Both at trial and on appeal, the Commission has urged the granting of O'Brien's alternative prayer, *i.e.*, that under the statutory scheme, the Commission has discretionary power to determine whether prior experience in the Department of Public Safety should be a required qualification for an eligible list examination. We agree.

RCW 41.14 was enacted in 1959 by means of Initiative 23. It has not been amended in any manner significant to the issue here presented. Other than to provide that "[a]n applicant for a position of any kind under civil service, must be a citizen of the United States who can read and write the English language" (RCW 41.14.100), the enactment prescribes no qualifications for employees of county sheriffs.

■ By RCW 41.14.060, it is the duty of the Civil Service Commission:

(1) To make suitable rules and regulations not inconsistent with the provisions hereof. Such rules and regulations shall provide in detail the manner in which examinations may be held, and appointments, promotions, transfers, reinstatements, demotions, suspensions, and discharges shall be made, and may also provide for any other matters connected with the general subject of personnel administration, and which may be considered desirable to further carry out the general purposes of this

chapter, or which may be found to be in the interest of good personnel administration. . . .

(2) To give practical tests which shall consist only of subjects which will fairly determine the capacity of persons examined to perform duties of the position to which appointment is to be made. . . .

. . .
(6) To provide for, formulate, and hold competitive tests to determine the relative qualifications of persons who seek employment in any class or position and as a result thereof establish eligible lists for the various classes of positions, . . .

RCW 41.14.080 provides in pertinent part:

All appointments to and promotions to positions in the classified civil service of the office of county sheriff shall be made solely on merit, efficiency, and fitness, which shall be ascertained by open competitive examination and impartial investigation.

Obviously, a position filled by "promotion" would necessarily have to be from the ranks of the department. But had the drafters of Initiative 23 intended that positions above the lowest grades in sheriffs' offices be filled *only* by promotion, such intention could have been readily expressed. As pointed out in *Stoor v. Seattle*, 44 Wn.2d 405, 407, 267 P.2d 902 (1954), the charter of the City of Seattle provided that its civil service commission should " 'by its rules provide, that whenever possible vacancies shall be filled by *promotion*; . . .' " (Italics ours.) But RCW 41.14 does not so specify. On the contrary, when the various provisions concerning "appointments to" and "promotions to" (RCW 41.14.080) positions in the office of county sheriff are read in context, it is apparent that the intent of the initiative act was to vest the Commission with discretion in determining how best to fill personnel vacancies. For example, RCW 41.14.050, which concerns the appointment of a chief examiner, demonstrates that the drafters of the initiative recognized that a vacancy could be filled by an examination "either *original* and *open* to all properly qualified citizens of the county, or *promotional* and *limited* to per-

sons already in the service of the county sheriff's office." (Italics ours.) In vesting the Commission with the discretionary power to determine what type of examination, "original" or "promotional," would best serve the legislative purpose to raise "the standards and efficiency of [sheriffs'] offices and law enforcement in general" (RCW 41.14.010), the initiative act conforms to the recognized principle that in the absence of specific statutory direction, civil service commissions have "broad discretion in determining eligibility requirements for promotion, as well as examination content and subject matter." (Footnote omitted.) H. Kaplan, *The Law of Civil Service* 154 (1958).

In *Stoor v. Seattle, supra* at 409-10, the court rejected a challenge to an examination administered by the Seattle Civil Service Commission with the following observation:

> The commission has a wide discretion in the examination of applicants with regard to the manner of performing its duties and exercising its powers. *State ex rel. Hearty v. Mullin,* 198 Wash. 99, 87 P. (2d) 280.
>
> In discussing the discretionary powers of the commission in job classification, we said in *State ex rel. Reilly v. Civil Service Comm. of the City of Spokane,* 8 Wn. (2d) 498, 112 P. (2d) 987, 134 A. L. R. 1100, the following:
>
> "Again, in *State ex rel. Farmer v. Austin,* 186 Wash. 577, 59 P. (2d) 379, we stated:
>
> " 'Courts will not by mandamus attempt to control the discretion of subordinate bodies acting within the limits of discretion vested in them by law. Where courts do interfere, it is upon the theory that the action is so capricious and arbitrary as to evidence a total failure to exercise discretion and is, therefore, not a valid act.'
>
> "Our search of the authorities makes it clear to us that civil service commissions come within this rule and have a discretionary power in the matter of classification."

See, also, *Adams v. Seattle,* 31 Wn. (2d) 147, 195 P. (2d) 634; 3 McQuillin, Municipal Corporations (3d ed.) 303, § 12.78.

We do not think the civil service commission of the city of Seattle was guilty herein of actions so "capricious and arbitrary as to evidence total failure to exercise discretion."

We hold that RCW 41.14 vests the King County Civil Service Commission with the discretion to determine whether examinations to fill the "eligible lists for the various classes of positions" (RCW 41.14.060(6)) in the Department of Public Safety shall be open to qualified citizens. or limited to persons already in the service.

Affirmed, as modified.

WILLIAMS, C.J., and CALLOW, J., concur.